## Commonwealth v. Smith

*Mark A. Bellavia, assistant district attorney*, for the commonwealth.

*Douglas B. Marcello*, for defendant.

MILLER, *J.*, August 5, 1987—This matter is before the court on defendants' summary conviction appeals. Specifically, the three defendants were fined for driving unregistered vehicles under section 1301 of the Motor Vehicle Code. 75 Pa.C.S. §1301. We adjudge each defendant guilty.

Defendants in these cases are each drivers for Preston Trucking Company, 151 Easton Boulevard, Preston, Maryland. Between September 19 and 22, 1986, each driver was issued a citation while on Interstate Route 83 for alleged violations under section 1301(a) of the Motor Vehicle Code. The basis of the citations was that the converter gear, connecting the tandem trailers, were not registered within the Commonwealth of Pennsylvania. The truck tractors were registered in the State of New Jersey and were pulling tandem trailers registered in the State of Delaware.

At the trial, the commonwealth presented the testimony of Trooper Michael Fleury, the arresting officer. Officer Fleury testified that he had no actual knowledge as to who was the owner of each converter unit which was between the two trailers. He

stated that he did not issue a citation for the two trailers because they were registered in other states.

Defendants testified that Preston Trucking Company was the owner of the converter gear and that its principal place of business is Preston, Maryland. The company has 91 terminals around the country. One is located in York, Pennsylvania. In fact, defendant Wilson picked up the converter gear for his truck in York.

The sole issue before the court is whether the converter gear was required to be registered in the Commonwealth of Pennsylvania. Section 1301(a) of the Motor Vehicle Code sets forth the registration requirements for vehicles. It provides:

"(a) *Driving unregistered vehicles prohibited* — No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this commonwealth unless the vehicle is exempt from registration."

Preston Trucking Company is a Maryland Corporation and as such, the exemption provisions of section 1302 do not apply. The exemption provisions for vehicles of non-residents, however, are set forth in section 1303 which states as follows:

"(a) *General rule*—A non-resident owner of any foreign vehicle may operate or permit the operation of the vehicle within this commonwealth without registering the vehicle in this commonwealth or paying any fees to the commonwealth provided the vehicle at all times when operated in this commonwealth is duly registered and in full compliance with the registration requirements of the place of residence of the owner and further provided the vehicle is not:

"(2) regularly operated in carrying on business within this commonwealth; . . .

"(c) *Carrying on business in this common-wealth*—Every non-resident, including any foreign corporation, carrying on business within this commonwealth, and operating in the business any vehicle within this commonwealth, unless exempted from registration under the terms of a reciprocity agreement, shall be required to register each such vehicle according to the laws of this commonwealth. A foreign corporation having its principal place of business in this commonwealth is regarded as a resident of this commonwealth for the purposes of this section." 75 Pa.C.S. §1303.

Defendants contend that section 1303(a) exempts Preston Company from registering the converter gear. We disagree. Section 1303(a) exempts a vehicle from registration where: (1) the vehicle is duly registered and in full compliance with the registration requirements of the place of residence of the owner and (2) the owner is not carrying on business in the commonwealth. Although the parties did not address this issue, the testimony clearly indicates that Preston Trucking Company was, and still is, carrying on business in the commonwealth. Defendants testified that there is a terminal in York which houses Preston trailers and other trucking equipment. In fact, the converter gear for defendant Wilson's trailer was stored at the York Terminal.

Finding that section 1303(a) does not apply, the court must turn to section 1303(c) which regulates non-residents carrying on business in the commonwealth. Section 1303(c) exempts vehicles from registration where there is a reciprocity agreement. The burden of proving the existence of a reciprocity agreement is on defendant. 75 Pa. C.S. §1301(b). See *Commonwealth v. Shull*, 28 D.&C. 3d 764, 766 (1982). In this case, defendants failed to produce

any such agreement between the State of Maryland and the Commonwealth of Pennsylvania. Where the vehicle is not exempted through reciprocity agreement, the vehicle must be registered according to the laws of this commonwealth. 75 Pa.C.S. §1303(c). We are, therefore, satisfied that defendants' trucks had to be registered pursuant to section 1303 of the Motor Vehicle Code. Thus, the convictions will be upheld.

Defendants next argue that section 1303 et. seq. is in conflict with and pre-empted by the Surface Transportation Assistance Act of 1982 (STAA) which provides that:

"No state shall prohibit commercial motor vehicle combinations consisting of a truck tractor and two trailing units on any segment of the National System of Interstate and Defense Highways . . . and those classes of qualifying Federal-aid Primary System highways as designed by the secretary pursuant to subsection (e) of this section." 49 U.S.C.A. §2311(c). We find this argument without merit. The purpose of the STAA was to pre-empt state statutes which *barred* tandem trailers. *National Freight Inc. v. Larson*, 760 F.2d 499 (3d Cir. 1985); *United States v. State of Conn.*, 566 F. Supp. 571, 576 (D. Conn., 1983). The Pennsylvania statute clearly does not bar the use of tandem trailers. The exemption provisions of section 1303 clearly relax the standards that are required for Pennsylvania vehicles. Where the owner of the vehicle does not carry on business in the commonwealth or use the transportation for persons for hire, section 1303(a) requires merely that the vehicle be in full compliance with the registration requirements of the place of residence of the owner. Otherwise, the law simply requires that the vehicle comply with the terms of the reciprocity agreement. The statute clearly does not

impose any burden on the non-resident vehicle nor does it bar tandem trailers. Thus, section 1301 et seq. of the Motor Vehicle Code is not in conflict or pre-empted by STAA.

Defendants' argument that the regulation of converter gears is unconstitutional as burdening interstate commerce is also without merit as explained above.

Accordingly, we, enter the following

## ORDER

And now, August 5, 1987, we adjudge each defendant guilty.